Dennis SPARKS, Plaintiff,

v.

RENEAU PUBLISHING INC., d/b/a
The Silsbee Bee, Defendants.

No. CIV.A.1:06CV426TH.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 2, 2007.

**584**

Mark G. Lazarz, Shellist Lazarz, Houston, TX, Laurence Wade Watts, Watts & Associates, Missouri City, TX, for Dennis Sparks, Plaintiff.

James Michael McCown, Nesbitt, Vassar & McCown, L.L.P., Addison, TX, for Reneau Publishing Inc, Defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

THAD HEARTFIELD, Chief Judge.

Before the Court Defendant's *Motion for Summary Judgment* [Doc. No. 29], Defendant's *Objections and Motion to Strike Plaintiff's Summary Judgment Evidence* [Doc. No. 37], Defendant's *Motion for Expenses Under Rule 37(c)(2)* [Doc. No. 41], Plaintiff's *First Motion for Leave to File Out of Time Plaintiff's Case Specific Disclosures* [Doc. No. 42] and Plaintiff's *Motion for Leave to File Supplemental Summary Judgment Evidence in Response to Motion for Summary Judgment* [Doc. No. 48]. Having considered the motion, the responsive pleadings, the evidence on record, and the applicable law, this Court is of the opinion that Defendant's Motion for Summary Judgment should be **GRANTED**. The Court further finds that under Fed.R.Civ.P. 37(c)(2), Plaintiff's failure to comply with his discovery obligation under the Federal Rules requires the Court to award reasonable expenses and fees to Defendant.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a libel case. Plaintiff Sparks acted as City Manager for the City of Silsbee, Texas in the late summer and early autumn of 2005. On September 24, 2005, Hurricane Rita struck East Texas, devastating the region. Sparks left Silsbee during a mandatory evacuation on September 22, 2005, choosing to ride out the storm in his native Virginia. Sparks did not return to Silsbee until October 5, 2005. Disappointed with his prolonged absence, after holding a public meeting which featured much criticism of Sparks' conduct, the City Council unanimously voted to fire Sparks as its City Manager. After his termination, Sparks filed a lawsuit against the City of Silsbee alleging breach of contract, which was ultimately resolved through settlement.

*The Silsbee Bee*, published by Defendant Reneau Publishing, is the local Silsbee newspaper and covered these events. In an Octo-

ber 12, 2005 article titled "Silsbee Council fires city manager," the paper reported on Sparks' whereabouts during the evacuation and what occurred at the special public meeting which resulted in Sparks' termination. The paper chronicled, among other things, that "Dennis Sparks evacuates, doesn't come back" and that Sparks "failed to return following the storm." *See List of Complained of Statements,* Ex. 1 to Def.'s Mot. Summ. J. Subsequent *Silsbee Bee* articles reporting on the search for Sparks' replacement repeated the facts and circumstances of his termination, as did articles regarding Sparks' breach of contract suit against the city. Finally, on April 5, 2006 an article titled "Former Silsbee CM courts new job" updated Sparks' search for new employment, and summarized articles from other publications throughout the country which detailed poor job performances in similar public administration and government positions. Sparks filed suit against *The Silsbee Bee* claiming that all the described articles contained defamatory statements. Sparks also asserted a claim for tortious interference with contract on the grounds that the newspaper's articles interfered with his ability to find new employment.

## II. Standard of Review

Summary judgment is proper when, after viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.,* 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party establishes the absence of any genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Conclusory allegations, unsubstantiated assertions, and mere scintillas of evidence do not satisfy this burden. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994)(en banc). Only a

genuine dispute over a material fact (a fact which might affect the outcome of the suit under the governing substantive law) will preclude summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party on the issue. *Id.*

Fed.R.Civ.P. 56(c) requires the court to look at the full record, including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. But the court is not going to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Doddy v. Oxy USA, Inc.,* 101 F.3d 448, 463 (5th Cir.1996). All reasonable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, and any doubt must be resolved in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). However, only *reasonable* inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.,* 504 U.S. 451, 112 S.Ct. 2072, 2083, 119 L.Ed.2d 265 (1992).

## III. Libel

Under Texas law, libel is defined, in relevant part, as (1) a defamation expressed in writing; (2) that tends to injure a living person's reputation; (3) thereby exposing the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue or reputation. Tex. Civ. Prac. & Rem.Code An.. § 73.001 (Vernon 2005). In his capacity as City Manager, Sparks is "among the hierarchy of government employees" and wielded "substantial responsibility for or control over the conduct of public affairs." *Rosenblatt v. Baer,* 383 U.S. 75, 85, 86 S.Ct. 669, 15 L.Ed.2d 597 (1966). Accordingly, Sparks is a public official, and thus must carry a heightened burden to prevail on his defamation claim.[1]

---

1. The Court notes that Sparks would also face the heightened burden of showing actual malice if he were to be viewed as a limited purpose public figure, a profile he also fits. *Curtis Pub. Co. v. Butts,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). In this case, Sparks meets all three prongs of the limited purpose public figure test in that Sparks played more than a trivial role in a public controversy, and the purportedly defamatory speech directly addressed his participation in that controversy. *See, Trotter*

"Criticism of government is at the very center of the constitutionally protected area of free discussion. Criticism of those responsible for government operations must be free, lest criticism of government itself be penalized." *Id.*

■■■ For a public official to prevail, he must show that the statements were made with actual malice. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). Actual malice in the context of libel does not require personal animosity, but rather that the defamatory communication was made whether with knowledge of its falsity or with reckless disregard to its truth. *Huckabee v. Time Warner Entertainment Co., L.P.,* 19 S.W.3d 413, 420 (Tex.2000). To establish reckless disregard, the public official must prove that the publisher "entertained serious doubts as to the truth of his publication." *Id.* "Reckless disregard" is a "high degree of awareness of probable falsity, for proof of which the plaintiff must present sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Carr v. Brasher,* 776 S.W.2d 567, 571 (Tex.1989).

■■■ Truth, of course, is the perfect defense to defamation. "Proving falsity in a public-figure defamation case is the plaintiff's burden of proof; in such a case, the defendant does not have the burden of proving substantial truth as an affirmative defense." *Bentley v. Bunton,* 94 S.W.3d 561, 586–87 (Tex.2002). The defense of truth "does not require that the alleged defamatory statement is literally true in every detail; substantial truth is sufficient." *Fiber Systems Intern., Inc. v. Roehrs,* 470 F.3d 1150, 1164 (5th Cir.2006). Substantial truth means that if a statement has the same effect on the mind of the average reader as a true statement, then it is not false. *Masson v. New Yorker Mag., Inc.,* 501 U.S. 496, 516–17, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991). If the article correctly conveys the story's gist, but relayed certain details incorrectly, the article will be considered substantially true. *Turner v. KTRK Television, Inc.,* 38 S.W.3d 103, 115 (Tex.2000).

The October 12, 2005 article in which Sparks was allegedly first defamed described the public city council meeting which resulted in Sparks' termination. Having read the article, the Court can fairly say that its gist can be summed up as "Sparks was terminated at the end of that meeting for his failure to quickly return to Silsbee following Hurricane Rita." Defendants produced the minutes of the October 7th City Council session. The minutes show citizens and board members criticizing Sparks for failing to promptly return to the city. At approximately 8:45 p.m., the Council recessed into executive session to consider what action, if any, should be taken regarding Sparks. After the executive session, the Council unanimously voted to terminate Sparks. The minutes reflect Mayor Muckleroy explaining the decision: "It's not that you left, it's that we felt you should have came back a lot sooner and you were told that you were needed. You were in your rights to leave, but time element is our factor. The feelings of Council is that better efforts should have been made by you to help us get on track." (sic) Exhibit 1, Def.'s Mot. Summ. J.

Factually, the article fairly relays the substantial truth of its subject. Sparks argument appears to be that the *Silsbee Bee* unfairly played up his absence as an allegation of cowardice, shirking, abandoning ship, or, in the parlance of our times, "cutting and running." Sparks argues that the phrases used in the article, such as "failed to return," "doesn't come back," "ran all the way home to Virginia," "dereliction of duty," "ordered to return," and "extended evacuation" were never uttered during the meeting, and thus the *Silsbee Bee's* reporting of such action was false. Of course, those phrases were not included in the articles as direct quotes from meeting. They merely serve the purpose of informing the public about what happened at the meeting, well within the usual journalistic license needed to articulately describe events. Sparks alleges that the statements blaming Sparks' termination on his failure to return amounts to a "libelous cover-up that Reneau printed to apparently shield the Mayor for taking over Sparks' responsibili-

*v. Jack Anderson Enterprises, Inc.,* 818 F.2d 431,     433–34 (5th Cir.1987).

ties" but fails to offer sufficient facts to back up that assertion. *See* Pl.'s Resp. at 19.

The gist of the article is that Sparks was terminated because he failed to promptly return after evacuating the city. The underlying facts corroborate the article's gist as the substantial truth. The other articles Sparks complains of rely on the same basis as the initial article, and thus are equally substantially true.

A libel defendant is entitled to summary judgment under Texas law if it can negate actual malice as a matter of law. *Huckabee,* 19 S.W.3d at 420. *The Silsbee Bee* supported its motion with numerous exhibits, including the affidavits of members of its publishing and writing staff setting forth that the paper and the authors did not entertain any serious doubt about the truth or accuracy of the factual matters stated in the articles at the time it was published, and in fact still believe in the veracity of those articles to this day. Having negated actual malice, the burden shifts to Sparks to raise a fact issue. *Id.* at 424.

█ Sparks argues that an issue of material fact regarding malice is presented by an unreported interview with Danny Reneau on October 6, 2005. At this interview, Sparks gave his side of the story, discussing in detail the circumstances surrounding his evacuation, communications with city personnel during his absence, and his return to Silsbee. Sparks argues that the paper's failure to include his explanations resulted in an incomplete description of events. Coupled with employing scandalous phrases such as "failing to return," "ran home to Virginia," "dereliction of duty," and "extended evacuation," this omission of Sparks' excuses amounts to a libelous assassination of his character. "The mere fact that a defamation defendant knows that a public figure has denied harmful allegations or offered an alternative explanation of the events is not evidence that the defendant doubted the allegations." *Hearst Corp. v. Skeen,* 159 S.W.3d 633, 639 (Tex.2005). Viewing the evidence in its entirety, no fact issue is raised as to whether *The Silsbee Bee* acted with actual malice.

Sparks has failed to raise a genuine issue of material fact regarding the falsity of the statements published by *The Silsbee Bee* as well as the malice with which those statements were allegedly made. His libel claim must fail, and defendants are entitled to judgment as a matter of law.

## IV. TORTIOUS INTERFERENCE WITH CONTRACT

█ Plaintiff elected not to contest Reneau's arguments for summary judgment of his claim for tortious interference with contract. *See* Pl.'s Resp. at 17 ("For purposes of this response, Plaintiff agrees that the ultimate issue is whether there is a material fact question regarding whether he was libeled by the Bee, and other claims are secondary to the viability of that issue."). Sparks' interference with contract claim is based upon "false and disparaging comments" *The Silsbee Bee* made when it forwarded copies of its articles regarding Sparks to the *Columbia Ledger,* a newspaper in a Pennsylvania town where Sparks later sought municipal employment. *The Silsbee Bee* sent those articles in response to a request by a reporter for the Columbia paper. Sparks' non-libel claim for tortious interference with contract relies squarely on determining the falsity of the articles. Accordingly, it must fail for the same reasons as the underlying libel action.

## V. DEFENDANT'S MOTION FOR EXPENSES UNDER RULE 37(c)(2)

█ As a final matter, the Court also considered Defendant's *Motion for Expenses Under Rule 37(c)(2)* [Doc. No. 41], as well as the responsive briefings. In response to a request for admission, Sparks denied that he was a public official. Defendant spent time and resources to prove up Sparks' public official status to support its motion for summary judgment. However, in his response to the summary judgment motion, Sparks did not deny that he was a public official, in fact referring to that status as "undisputed." Defendant now seeks compensation for the fees and expenses incurred in proving up Sparks' public official status.

Defendant also seeks reimbursement for fees and costs associated with Sparks' failure to admit to the authentication of twenty newspaper articles about Sparks. After Plaintiff denied that these articles were au-

thentic, Reneau incurred fees and expenses in preparing and obtaining the four business records affidavits and one subpoena and deposition on written questions to prove up the newspaper articles. Defendant seeks reimbursement in that amount as well.

Federal Rule of Civil Procedure 37(c)(2) provides that if a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, upon motion the Court "*shall*" award the requesting party reasonable fees and expenses incurred in proving up those matters "unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit." Fed. R.Civ.P. 37(c)(2) (emphasis added). This rule leaves the Court with no discretion. It is clear that Plaintiff had no basis under the Federal Rules to refuse admitting to the authentication of the newspaper articles or the fact that he is a public official or public figure. That point is made even clearer by the fact that Plaintiff did ultimately admit to those facts in his summary judgment response. After reviewing the record and applying the Federal Rules, this Court is left with no choice but to award Reneau fees and costs associated with proving up these matters. Accordingly, having considered the nature of the issues and efforts needlessly undertaken, the Court determines that Reneau is entitled to reasonable fees and expenses in the amount of $500.00 associated with proving up Sparks' public official status and $2,000.00 as reasonable fees and expenses associated with authenticating the newspaper articles.

## VI. ORDER

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Summary Judgment* [Doc. No. 29] is **GRANTED** and all claims against Defendant shall be dismissed. A separate final order will be entered in accordance with Fed.R.Civ.P. 58.

**IT IS FURTHER ORDERED** that Defendant's *Motion for Expenses Under Rule 37(c)(2)* [Doc. No. 41] is **GRANTED IN PART** and Defendant is awarded its ex-

penses from Plaintiff in the separate amounts of $500.00 and $2,000.00, and that Plaintiff is hereby ordered to pay each of the foregoing amounts to Defendant on or before September 28, 2007.

**IT IS FURTHER ORDERED** that Defendant's *Objections and Motion to Strike Plaintiff's Summary Judgment Evidence* [Doc. No. 37] is **OVERRULED** and **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's *First Motion for Leave to File Out of Time Plaintiff's Case Specific Disclosures* [Doc. No. 42] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Motion for Leave to File Supplemental Summary Judgment Evidence in Response to Motion for Summary Judgment* [Doc. No. 48] is **GRANTED**.

**SO ORDERED.**